[Cite as *State v. Kirks*, 2021-Ohio-3194.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Craig R. Baldwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2021 CA 0005 |
| KENNETH M. KIRKS | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:       Criminal Appeal from the Court of Common
                               Pleas, Case No.  2019 CR 0967


JUDGMENT:                      Reversed and Remanded


DATE OF JUDGMENT ENTRY:        September 14, 2021


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

GARY BISHOP                               KENNETH M. KIRKS
PROSECUTING ATTORNEY                      PRO SE
VICTORIA MUNSON                           LAKE ERIE CORR. INSTITUTION
ASSISTANT PROSECUTOR                      P. O. Box 8000
38 South Park Street                      Conneaut, Ohio  44030
Mansfield, Ohio  44902

*Wise, J.*

{¶1}   Defendant-Appellant Kenneth M. Kirks ("Appellant") appeals from a judgment overruling Appellant's Motion for Jail Time Credit. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

### STATEMENT OF THE FACTS AND CASE

{¶2}   On November 5, 2019, the Mansfield Police Department arrested Appellant. Appellant remained incarcerated from his arrest until January 2, 2020.

{¶3}   On February 11, 2020, he was indicted on sixteen counts of Counterfeiting in violations of R.C. 2913.30(B)(4)&(C)(1) and one count of Forgery in violation of R.C. 2913.31(A)(3).

{¶4}   On February 21, 2020, Appellant was arrested on the indictment and confined to Summit County Jail under February 26, 2020.

{¶5}   On February 26, 2020, Appellant was transported to Richland County Jail.

{¶6}   On March 3, 2020, Appellant was arraigned and entered a plea of Not Guilty.

{¶7}   On March 20, 2020, Appellant was released from Richland County Jail.

{¶8}   On August 19, 2020, a jury trial commenced. Appellant was found guilty.

{¶9}   On August 24, 2020, the trial court sentenced Appellant on Counts 1 through 8 to thirty six months for each count, for Counts 9 through 17, twelve months for each count. Counts 2, 3, 4, 6, 7, 8, 10, 11, 12, 14, 15, and 16 were to be served concurrently, and Counts 1, 5, 9, 13, and 17 were to be served consecutively. The aggregate sentence was nine years in prison with a fine of $8,000. The trial court also sentenced Appellant to three years discretionary post-release control.

**{¶10}** The Appellant received 105 days of jail time credit. Appellant was credited five days from conviction to sentencing, twenty-four days from February 26, 2020, through March 20, 2020, fourteen days from sentencing to transfer to ODRC, and sixty-two days for his initial imprisonment from November 2, 2019, through January 2, 2020.

**{¶11}** On November 30, 2020, Appellant submitted a Motion for jail-time credit for an additional jail time credit.

**{¶12}** On December 15, 2020, the trial court denied the motion.

### ASSIGNMENT OF ERROR

**{¶13}** On January 11, 2021, Appellant filed a notice of appeal. He herein raises the following Assignment of Error:

**{¶14}** "I. THE TRIAL COURT ERRED BY MISCALCULATING AND DENYING APPELLANT'S REQUEST FOR ADDITIONAL JAIL-TIME CREDIT FOR TIME THAT HE SERVED ARISING OUT OF THE OFFENSES FOR WHICH HE WAS CONVICTED AND SENTENCED."

### I.

**{¶15}** In Appellant's sole Assignment of Error, Appellant argues the trial court erred in failing to award him the correct amount of jail time credit. We agree.

**{¶16}** An appellate court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either

the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.

**{¶17}** The Supreme Court of the State of Ohio held that nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute its own judgment for that of the trial court to determine a sentence that best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶42.

**{¶18}** This Court is, therefore, without authority to disturb Appellant's sentence absent a finding by clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.11 and R.C. 2929.12. We may only determine if the sentence is contrary to law.

**{¶19}** R.C. 2967.191 governs credit for confinement awaiting trial and commitment and states:

> The department of rehabilitation and correction shall reduce the prison term of a prisoner, as described in division (B) of this section, by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division (B)(2)(g)(i) of section 2929.19 of the Revised Code, and confinement in a juvenile facility. The department of rehabilitation and

correction also shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is a parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days, if any, that the prisoner previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced.

**{¶20}** In the case *sub judice*, the trial court credited Appellant with only 105 days in jail. Appellant is asking for a total of 115 days of jail time. The State concedes that Appellant is due extra time, calculated to be at 110 days of jail time credit. We concur with the State.

**{¶21}** Appellant's sole Assignment of Error is granted.

**{¶22}** For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed, and the matter is remanded for further proceedings in accordance with law and consistent with this decision.

By: Wise, J.

Baldwin, P. J., and

Delaney, J., concur.

JWW/br 0913